UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN HOLTZ,<br><br>                          Plaintiff,<br>v.<br><br>HARRY L. POWAZEK et al.,<br>                         Defendants. | Case No.: 21-CV-1401-CAB-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 6] |

     In this case, Plaintiff Benjamin Holtz sues three San Diego Superior Court judges, one Superior Court commissioner, an executive officer of the Superior Court, and three attorneys who were allegedly involved in family court proceedings involving Plaintiff concerning his divorce and custody rights over his son. The gravamen of the allegations in the operative first amended complaint ("FAC") is that Plaintiff is unhappy with the outcome of his family court proceedings and the manner in which the Superior Court handled his case. The Superior Court judges (Hon. Lorna Alksne, Hon. Harry L. Powazek, and Hon. Paula Rosenstein), the commissioner (Hon. Patti C. Ratekin), and the executive officer (Michael Roddy) (collectively, the "Superior Court Defendants") have filed a motion to dismiss. The motion is fully briefed, and the Court deems it suitable for submission without oral argument. Because each of the Superior Court Defendants is entitled to absolute judicial or quasi-judicial immunity, the motion is granted.

"It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967)). This immunity extends to Superior Court commissioners for their judicial acts as well. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (holding that court commissioners performing judge-like functions are entitled to absolute judicial immunity from civil liability for damages). "[Judicial] immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir. 2004) (*quoting Bradley v. Fisher*, 13 Wall. 335, 347 (1871)). Consistent with this principle, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks and citation omitted); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991).

Despite Plaintiff's protestations to the contrary, all of the actions of which he complains were judicial in nature and performed during the course of family court proceedings over which the San Diego Superior Court, and the Superior Court judges and commissioner who are defendants here, had jurisdiction. Accordingly, Judges Alksne, Powazek, and Rosenstein, and Commissioner Ratekin, are entitled to absolute judicial immunity from any claims by Plaintiff arising out the actions alleged in the FAC.

This judicial immunity extends to Defendant Roddy, the Superior Court executive officer, because "[a]bsolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for all claims relating to the exercise of judicial functions." *In re*

*Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted); *see also Mullis v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."). The FAC lacks any specific allegations of actions by Roddy, let alone any allegations that are unrelated to Roddy's employment as executive officer of the Superior Court. Regardless, the entirety of the allegations in the FAC concern the judicial process, so any basis for holding Roddy liable necessarily arise out of tasks that are part of that judicial process. Accordingly, Roddy is entitled to quasi-judicial immunity from Plaintiff's claims arising out of Plaintiff's dissatisfaction with the process or outcomeof his family court proceedings.

"Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error. . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review.'" *In re Castillo*, 297 F.3d at 947 (quoting *Forrester*, 484 U.S. at 225, 227). This is the exact circumstance here, as Plaintiff seeks to attack the outcome of his family court proceedings. Thus, because Plaintiff's claims against Judge Alksne, Judge Powazek, Judge Rosenstein, Commissioner Ratekin, and executive officer Michael Roddy are barred by absolute judicial or quasi-judicial immunity, it is hereby **ORDERED** that the Superior Court Defendants' motion to dismiss is **GRANTED**. Further, because any amendment to overcome this immunity would be futile, Plaintiff's claims against the Superior Court Defendants are **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated:  October 19, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge