UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN HOLTZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HARRY L. POWAZEK et al.,<br><br>　　　　　　　Defendants. | Case No.: 21-CV-1401-CAB-JLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 15] |

In this case, Plaintiff Benjamin Holtz sues three San Diego Superior Court judges, one Superior Court commissioner, an executive officer of the Superior Court, and three attorneys who were allegedly involved in family court proceedings involving Plaintiff concerning his divorce and custody rights over his son.  The gravamen of the allegations in the first amended complaint ("FAC") is that Plaintiff is unhappy with the outcome of his family court proceedings and the manner in which the Superior Court handled his case. The Superior Court judges (Hon. Lorna Alksne, Hon. Harry L. Powazek, and Hon. Paula Rosenstein), the commissioner (Hon. Patti C. Ratekin), and the executive officer (Michael Roddy) (collectively, the "Superior Court Defendants") filed a motion to dismiss [Doc. No. 6], which the Court granted on the grounds that each of the Superior Court Defendants is entitled to absolute judicial or quasi-judicial immunity. [Doc. No. 9.] Plaintiff voluntarily dismissed his claims against the remaining three attorney defendants [Doc. No. 14].

Plaintiff now moves for reconsideration of the dismissal with prejudice of his claims against the Superior Court Defendants under Local Civil Rule 7.1.  Local Civil Rule 7.1(i)(1) states that a party seeking reconsideration must show "what new or different facts

and circumstances are claimed to exist which did not exist, or were not shown" in connection with a prior application or motion that was denied. CivLR 7.1(i). In addition, because Plaintiff filed his motion more than ten days after the order dismissing the claims against the Superior Court Defendants, the Court also treats it as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). "The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Id.*

Plaintiff does not satisfy any of the requirements for reconsideration under either rule. Rather, he simply reiterates his position that judicial immunity does not apply while contending that the Court failed to consider material facts when dismissing the Superior Court Defendants. The Court, however, considered the entirety of the FAC before reaching the conclusions stated in its dismissal order. Unsurprisingly, Plaintiff is unhappy with the Court's ruling, but his inability to convince the Court the first time around does not entitle him to a second bite at the apple under Rule 60(b). By merely rearguing his position that the Superior Court Defendants are not entitled to judicial immunity, Plaintiff has not offered any grounds for reconsidering the Court's order on the motion to dismiss. *See id.* ("Because North American and Federal simply reargued their case . . . the district court did not abuse its discretion in denying the motion.").

Ultimately, the Court echoes the following sentiment expressed by another district judge that motions for reconsideration should not be used merely as an intermediate "appeal" before taking a disputed ruling to the Ninth Circuit:

> The Court cannot emphasize strongly enough that the Rules allowing for motions for reconsideration are not intended to provide litigants with a second bite at the apple. Rather, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  In an adversarial system such as ours, more often than not one party will win and one will lose.  Generally, it follows that the losing party will be unhappy with the Court's decision.  Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it.  Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the brief to be opposed.  It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them.  But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

This is not to say that a motion for reconsideration is never well-taken.  A litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical, an intervening change in controlling authority, or other critical matters that the Rules provide should be brought to the Court's attention in this way.  On this basis, motions for reconsideration should be few, far between, and narrowly focused. When this is the case, the Rules work as they were intended, and the Court can focus on the business of justice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3–4 (S.D. Cal. Apr. 10, 2007).  Plaintiff's motion does not meet the description in the second paragraph of the above block quote.  The Court considered the entirety of the FAC as well as all of the arguments Plaintiff reiterates in his motion when it granted Defendants' motion to dismiss and is not persuaded that its order was incorrect.  Accordingly, Plaintiff's motion is **DENIED**.  In light Plaintiffs' dismissal of the attorney defendants, the Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  November 22, 2021

Hon. Cathy Ann Bencivengo
United States District Judge